UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-22656-JLK

MICHAEL HERNANDEZ,

    Plaintiff,

vs.

MIAMI-DADE COUNTY,
MIAMI-DADE POLICE DEPARTMENT; AND
MIAMI-DADE POLICE OFFICER PETE A. TAYLOR,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court upon Defendants Miami-Dade County and Miami-Dade Police Department's Motion to Dismiss (DE 5) (the "Motion"), filed August 13, 2021. The Court has also considered Plaintiff's Response (DE 9) and Defendants' Reply (DE 11). Upon careful consideration of the pleadings and the record, the Motion is granted in part for the reasons stated herein.

**I.    BACKGROUND**

On June 4, 2021, Plaintiff filed his Complaint in the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County. Compl., DE 1-1. On July 23, 2021 Defendants Miami-Dade County ("County") and Miami-Dade Police Department ("MDPD") removed this matter to this Court. *See* Not. of Removal, DE 1. In their Notice of Removal, Defendants County and MDPD allege jurisdiction based on Plaintiff's federal claims under 42 U.S.C. § 1983 for Counts I, II, and III, and that the remaining claims are subject to supplemental jurisdiction. *Id.*

Defendants County and MDPD[1], represented by the same counsel, filed the instant Motion to Dismiss. *See* Mot. This matter is ripe for review. Defendant Officer Taylor was not served until September 9, 2021. *See* DE 10. On September 29, 2021, Defendant Officer Taylor filed a separate Motion to dismiss (DE 12) the counts against him, which is not yet ripe for review.

Plaintiff's Complaint alleges that on or about May 24, 2019, Plaintiff was riding his bicycle when Defendant Officer Taylor was parked in a police vehicle and "tried to tell [Plaintiff] to get off his bicycle." Compl. ¶ 14. Plaintiff then "held his middle finger up to Defendant [Officer] Taylor as [Plaintiff] kept moving." *Id.* ¶ 15. Defendant Officer Taylor allegedly turned his car around to chase Plaintiff, apprehended Plaintiff, and ordered Plaintiff "onto the floor on his stomach placing his hands behind his back." *Id.* ¶¶ 16–18. Defendant Officer Taylor handcuffed Plaintiff's left wrist. *Id.* ¶ 19. Plaintiff alleges that as Defendant Officer Taylor was handcuffing Plaintiff's right wrist, he was tasered. *Id.* ¶ 20. Plaintiff alleges he did not resist, kept his hands behind his back, and laid on the ground. *Id.* ¶ 21. Defendant Officer Taylor charged Plaintiff with one count of resisting an officer without violence, which was dismissed by the State Attorney. *Id.* ¶¶ 23–24.

Plaintiff is suing Defendant Officer Taylor for unnecessary and excessive use of force. *Id.* ¶¶ 29, 61–69. Plaintiff is also suing the County and MDPD for implementing policies of excessive force and allowing officers to exercise unconstitutional excessive force. *Id.* ¶¶ 32, 35, 41. Plaintiff seeks damages for his physical and mental injuries. The Complaint alleges six counts in total:

1. Negligent Hiring or Retention under 42 U.S.C. § 1983 against the County and MDPD,

---

[1] Defendant MDPD is not *sui juris*. *See Masson v. Miami-Dade Cty.*, 738 So. 2d 431, 432 (Fla. 3d DCA 1999) ("The County Attorney correctly points out that the Police Department does not have the capacity to sue or be sued."). As such, Defendant MDPD is dismissed as a defendant.

2. Negligent Failure to Train and Supervise under 42 U.S.C. § 1983 against the County and MDPD,

3. Civil Rights Violation under 42 U.S.C. § 1983 for excessive force against Officer Taylor in his individual capacity,

4. Battery against the County and MDPD,

5. Intentional Infliction of Emotional Distress against all three Defendants, and

6. Gross Negligence against all three Defendants.

The Complaint alleges that "[o]n information and belief, Defendant [County] maintained a policy or custom at MDPD which fostered, condoned, and encouraged its officers to use excessive force, wrongfully arrest, or otherwise violate citizens' constitutional rights." *Id.* ¶ 35. Plaintiff cites to separate lawsuits over the past eleven years of incidents between officers and individuals, involving Defendants Miami-Dade County and MDPD. Plaintiff also alleges there were seventeen (17) prior complaints against Defendant Officer Taylor alleging unlawful use of force, for which he has been disciplined. *Id.* ¶ 51. The Complaint further alleges Defendant Officer Taylor was suspended for five days in 2019 for use of force involving a taser. *Id.* ¶ 52.

Defendants County and MDPD move to dismiss the Complaint, arguing the Complaint is a "shotgun pleading" because each count of the Complaint re-incorporates each prior count and because the Complaint does not sufficiently allege a county policy to impose liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). *See* Mot. As such, Defendants' Motion (DE 5) seeks dismissal for failure to state a claim against them.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III.   DISCUSSION

First, the Court addresses whether the Complaint is a "shotgun pleading." Second, whether Counts I and II sufficiently state a claim pursuant to *Monell*. Third, the remaining Counts (III, IV, V, and VI).

**1. Whether the Complaint is a "Shotgun Pleading"**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. *See* Fed. R. Civ. P. 10(b). Complaints that violate Rules 8(b)(2) and 10(b) are "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1323.

Defendants County and MDPD move to dismiss Plaintiff's Complaint because the Complaint is a "classic shotgun complaint." *See* Mot. at 4. Defendants argue that each of the six counts in the Complaint "incorporates all of the allegations of its predecessors." Mot. at 4. Each count begins with a sentence similar to: "[Plaintiff] re-alleges paragraphs 1 through [most recent

paragraph] as if fully set forth herein and further states. . . ." and then goes on to make count-specific allegations. *See* Compl. at 16. In Response, Plaintiff argues that the Complaint is not a shotgun pleading, and that if there are any concerns of this, then Plaintiff should have an opportunity to replead. *See* Resp. at 4.

The sentences in the Complaint that re-incorporate each previous count are improper. *See Weiland*, 792 F.3d at 1321 n.11. But unlike typical shotgun pleadings, the Complaint provides Defendants with sufficient notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1323. As detailed above, the Complaint provides the Defendants with notice of the facts and separate legal theories. Defendants' notice is apparent from their substantive arguments regarding each specific count in Plaintiff's Complaint. Requiring Plaintiff to re-submit an amended complaint simply to remove these six sentences is inefficient.

Because the Complaint gives Defendants notice of the claims against them, the Complaint is not dismissed based on it being a "shotgun pleading." If Plaintiff files an amended complaint, he shall correct the deficiencies described above.

**2. Whether the Complaint satisfies *Monell***

Defendants alternatively move to dismiss the Complaint for failure to state a claim on every count, except Count III against Defendant Officer Taylor individually. *See* Mot. Defendants argue Counts I and II fail to satisfy *Monell*.

A plaintiff cannot rely upon the doctrine of *respondeat superior* to hold the government liable under § 1983. *Monell*, 436 U.S. at 693–94. The plaintiff must instead establish that the government unit has a "policy or custom" that caused the injury. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To survive under *Monell*, a § 1983 claim against a municipality must allege three (3) specific elements: "(1) that [the Plaintiff's] constitutional rights were violated; (2) that

5

the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Holding municipalities liable without proof that a specific custom or policy caused a particular constitutional violation "would open municipalities to unprecedented liability under § 1983." *Harris*, 489 U.S. at 391.

A Plaintiff can establish a county policy by either showing (1) an officially promulgated county policy, or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). To be an unofficial policy, the practice must be so permanent and well settled as to constitute a custom or usage with force of law. *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).

In their Motion, Defendants argue that Plaintiff does not allege a county custom or policy, but rather a specific instance of use of force. Mot. at 7. Defendants specifically argue that the Complaint fails to "present factual support of [Counts I and II], fails to properly identify final policymakers, and further fails to show any causal link between his policy or custom claims and the alleged violation." Mot. at 6. Defendants also point out that the five cases listed in the Complaint do not have similar facts to this case (handcuffing and tasing), and none of the five cases held that there was a constitutional violation. Mot. at 8–9.

In Response, Plaintiff argues that the plain language of the Complaint alleges that there is an unofficial policy or custom in place, sufficient to satisfy *Monell*. Resp. at 6 (citing Compl. ¶ 6). As to Count I, Plaintiff argues that negligent hiring and retention is a cognizable federal claim. Resp. at 7. And Count II is cognizable because Plaintiff may prove that inadequate training and/or

6

supervision can amount to "deliberate indifference" and therefore, a policy or custom. Resp. at 8, citing *Williams v. DeKalb Cty.*, 327 F. App'x 156, 160 (11th Cir. 2009).

Plaintiff points to several paragraphs in the Complaint that argue that there is a policy. *E.g.* Compl. ¶ 35 ("On information and belief, Defendant Miami-Dade maintained a policy or custom at MDPD which fostered, condoned, and encouraged its Officers to use excessive force, wrongfully arrest, or otherwise violate citizens' constitutional rights."). This allegation is conclusory. Plaintiff's allegations of a county policy are just "labels and conclusions, and a formulaic recitation [of an element] of a cause of action," which are insufficient. *Twombly*, 550 U.S. at 555.

After careful review of the Complaint, it appears Plaintiff is trying to prove that the County and/or MDPD had an unofficial policy of generally allowing officers to use excessive force. As factual support, the Complaint lists five lawsuits against MDPD officers over the past eleven years. But none of these cases held that there was a constitutional violation and none of these cases involved tasing during handcuffing. *See* Mot. 8–10. This certainly does not amount to a practice "so permanent and well settled as to constitute a custom or usage with force of law." *Brown*, 923 F.2d at 1481.

Plaintiff can alternatively show a county policy exists based on "deliberate indifference." *Williams*, 327 F. App'x at 160. "Deliberate indifference" requires the plaintiff to show the county knew of the need to train and/or supervise in a particular area and made a deliberate choice not to take any action. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Here, the Plaintiff argues that the County and MDPD were deliberately indifferent to the excessive force used by its police officers. Compl. ¶ 37, *see also* Resp. at 3, 6, 8. But Plaintiff has not shown Defendants deliberately chose not to take any action. As alleged in the Complaint, the County and MDPD did

7

take action: they disciplined Defendant Officer Taylor with written reprimands, counseling, and suspension. Compl. ¶ 51–52. Therefore, Plaintiff's Complaint fails to allege "deliberate indifference" that would amount to a county policy.

Plaintiff has failed to allege a county policy as required under *Monell*, and therefore the federal claims (Counts I and II) against the County and MDPD are dismissed.

### 3. Excessive Force and State Law Claims

Defendants seek to dismiss Counts IV, V, and VI. Defendants argue that if the Court dismisses the federal law claims in Counts I, II, and III, then the Court should decline to exercise jurisdiction over the remaining claims since they are solely state law claims. Reply at 2, n.1. Defendant Officer Taylor has filed his own Motion to Dismiss the claims against him, including Count III. DE 12. Defendant Officer Taylor's Motion is not yet ripe for ruling. So, it is premature to address Count III.

The issue of whether to retain jurisdiction over state law claims after dismissing federal claims is within the Court's discretion. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim. . . .if. . . .the district court has dismissed all claims over which it has original jurisdiction. . . ."). *See also Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1314 (11th Cir. 1995) ("The decision whether to dismiss a complaint still containing state law issues after all federal causes evaporate is within the district court's sound discretion"). At this time, the Court reserves ruling on the remaining state law claims (Counts IV, V, and VI).

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that

1. Defendants Miami-Dade County and Miami-Dade Police Department's Motion to Dismiss **(DE 5)** be, and the same is, hereby **GRANTED IN PART**,

2. Plaintiff's claims against Defendant Miami-Dade Police Department are hereby **DISMISSED WITH PREJUDICE**,

3. Counts I and II of the Complaint are **DISMISSED without prejudice**, and

4. The Court **reserves ruling** as to the remainder of the Motion to Dismiss.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this 8th day of October, 2021.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**    All Counsel of Record