UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22656-JLK/Becerra

MICHAEL HERNANDEZ,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
MIAMI-DADE POLICE DEPARTMENT,
and PETE A. TAYLOR,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON
DEFENDANT PETE A. TAYLOR'S MOTIONS TO DISMISS**

**THIS CAUSE** came before the Court upon Defendant Pete A. Taylor's ("Defendant") Motion to Dismiss Complaint. ECF No. [12]. Plaintiff Michael Hernandez ("Plaintiff") filed a Response, ECF No. [16], Defendant Taylor filed a Reply, ECF No. [19], and Plaintiff filed a Sur-Reply, ECF No. [20-1].[2] On April 8, 2022, the Parties appeared for a hearing on this matter. ECF No. [23]. Upon due consideration, it is hereby **RECOMMENDED** that Defendant Taylor's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

This case stems from Defendant Taylor's use of a taser in connection with Plaintiff's arrest. The Complaint alleges that on May 24, 2019, Plaintiff rode his bicycle past Defendant Taylor, who

---

[1] This matter was referred to the undersigned by the Honorable James Lawrence King, Senior United States District Judge. ECF No. [17].

[2] Plaintiff filed a Motion for Leave to File Sur-Reply, ECF No. [20], which the undersigned orally granted at the hearing on this matter.

was sitting inside his parked police car at the time. ECF No. [1-1] ¶ 14. The Complaint states that as Plaintiff rode past the parked police car, Defendant Taylor "tried to tell [Plaintiff] to get off his bicycle," but that instead of complying with Defendant Taylor's instructions, Plaintiff "held his middle finger up to Defendant Taylor and kept moving." *Id.* ¶¶ 14–15. The Complaint states that in response, Defendant Taylor "began to chase Plaintiff" and upon "finding" him, Defendant Taylor "called him over and ordered [him] onto the floor on his stomach placing his hands behind his back." *Id.* ¶¶ 16–17. The Complaint alleges that although Plaintiff "complied with Defendant Taylor's order," Defendant Taylor "proceeded to grab [Plaintiff] by the wrist . . . placing a cuff on [his] left wrist with [his] right wrist secured behind his back." *Id.* ¶¶ 18–19. The Complaint states that "[a]s [Defendant Taylor] was securing the cuff on [Plaintiff's] right wrist, Defendant Taylor deployed his taser into Plaintiff's back while he was on the floor, still on his stomach, with both hands behind his back, the left wrist in a handcuff and the right hand controlled by Defendant Taylor." *Id.* ¶ 20. The Complaint states that at the time he was tased by Defendant Taylor, Plaintiff "had not resisted and kept his hands behind his back while lying on the ground as instructed." *Id.* ¶ 22.

Plaintiff filed suit, asserting : (1) one count of negligent hiring or retention under 42 U.S.C. § 1983 against Defendant Miami-Dade County ("MDC") ("Count I"); (2) one count for negligent failure to train and supervise under 42 U.S.C. §1983 against Defendant MDC ("Count II"); (3) one count for excessive force under 42 U.S.C. § 1983 against Defendant Taylor in his individual capacity ("Count III"); (4) one count for battery against Defendant MDC ("Count IV"); (5) one count for intentional infliction of emotional distress against Defendant Miami-Dade Police Department ("MDPD"), Defendant MDC, and Defendant Taylor ("Count V"); and (6) one count for gross negligence against Defendants MDPD, MDC, and Taylor ("Count VI"). *See id.*

On October 10, 2021, the District Court dismissed all claims against Defendant MDPD, concluding that it could not be sued. ECF No. [13] at 2 n.1. The District Court also dismissed Counts I and II, the Section 1983 claims, against MDC. *Id.* at 8. As to Counts IV, V, and VI, the remaining state law claims against MDC, the District Court reserved ruling, concluding that issue of whether it should retain jurisdiction over these state claims was premature. *Id.* at 8. Specifically, the District Court found that because the only remaining federal claims were the ones asserted against Defendant Taylor, it was unable to determine whether it had jurisdiction over the state law claims until the instant Motion was ruled upon. *Id.*

## II.     THE INSTANT MOTION

Defendant Taylor filed the instant Motion to Dismiss, arguing that the Complaint should be dismissed with prejudice. ECF No. [12]. First, Defendant Taylor contends that the doctrine of qualified immunity bars Plaintiff's claim for excessive force (Count III). *Id.* at 4. Defendant Taylor notes that Plaintiff "was tased a single time during his arrest, before he was completely handcuffed, after having defied lawful commands and even hiding to evade Officer Taylor." *Id.* at 7 (quotation omitted). Thus, Defendant Taylor argues that he is entitled to qualified immunity because Plaintiff cannot establish "that a constitutional violation was clearly established in these circumstances." *Id.* Defendant Taylor submits that the Eleventh Circuit Court of Appeals has consistently "held that the use of a taser in situations involving a person who has failed to respond to an officer's commands and who has not been fully subdued is reasonable." *Id.* (citations omitted).

Second, as to Plaintiff's claim for intentional infliction of emotional distress (Count V), Defendant Taylor argues that the Complaint fails to state a claim as a matter of law. *Id.* at 9–10. Defendant argues that the single use of a taser by a police officer during an arrest does not qualify

as conduct that is "odious and utterly intolerable in a civilized community" for the purpose of an IIED claim. *Id.* at 10 (citation omitted).

Finally, as to Plaintiff's claim for gross negligence (Count VI), Defendant Taylor argues that the Complaint fails to state a claim. *Id.* at 11. Specifically, Defendant Taylor argues that "there is no such thing as the negligent use of excessive force." *Id.* Defendant Taylor argues that because Plaintiff cannot claim that the use of excessive force was negligent, Count VI fails as a matter of law. *Id.*

Plaintiff filed a Response to the Motion to Dismiss. ECF No. [16]. Plaintiff argues that Defendant Taylor is not entitled to qualified immunity because he was not acting within his discretionary authority when he tased Plaintiff. *Id.* at. 3. Plaintiff asserts that, even if Defendant was acting within his discretionary authority, his constitutional rights were violated because Plaintiff never resisted during the course of the arrest. *Id.* at. 3–4. Specifically, Plaintiff states that he "had fully submitted to Defendant Taylor once Taylor approached him with a taser." *Id.* at 4. Plaintiff states that he slowly approached Defendant Taylor with both hands in the air, lowered himself onto his knees and then onto his stomach, and then put his hand behind his back in accordance with Defendant Taylor's instructions. *Id.* Plaintiff further states that Defendant "Taylor placed Plaintiff's left wrist in a handcuff without any resistance, and as Taylor was placing Plaintiff's right wrist in the handcuff, Plaintiff turned his head and asked Taylor if Taylor's body worn camera was recording. Taylor deployed his taser immediately." *Id.* Based upon these circumstances, Plaintiff argues that qualified immunity does not apply because Defendant Taylor's use of the taser was unjustified. *Id.* at 4–5. Moreover, Plaintiff argues that the Complaint sufficiently states an IIED claim because it alleges that Defendant Taylor intentionally deployed the taser, it was "outrageous, atrocious, utterly intolerable" and "beyond all bounds of decency"

for Defendant Taylor to deploy the taser, and Plaintiff has endured "significant emotional distress." *Id.* at 7. Plaintiff did not respond to Defendant Taylor's Motion with respect to the gross negligence claim.

In the Reply, Defendant Taylor repeats his argument that Plaintiff cannot overcome qualified immunity as to the claim for excessive force because Defendant Taylor was acting within the course and scope of his employment. ECF No. [19] at 3. Further, Defendant Taylor re-asserts that an IIED claim ensuing from a police officer's use of a taser during an arrest fails as a matter of law. *Id.* at 4. Finally, Defendant Taylor notes that because Plaintiff failed to address his arguments regarding Count VI for gross negligence in the Response, Plaintiff has conceded that Count VI should be dismissed. *Id.* at 9.

Plaintiff filed a Sur-Reply for the limited purpose of addressing whether it is clearly established that Defendant Taylor's use of a taser constitutes a violation of Plaintiff's clearly established constitutional rights. ECF No. [20-1]. First, Plaintiff argues that the "obvious clarity" exception applies because Defendant Taylor's conduct "lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of conduct was readily apparent . . . notwithstanding the lack of fact-specific case law." *Id.* at 3 (quotation and citation omitted). Plaintiff argues that because he was not resisting at the time he was tased but was entirely compliant with Defendant Taylor's instructions, "[n]o use of force of any kind would have been justified at that moment in those circumstances." *Id.* at 4. Moreover, Plaintiff argues that there is clearly established Eleventh Circuit precedent that an officer is not entitled to qualified immunity when he deploys a taser upon an individual not resisting arrest. *Id.* at 4–6.

The Parties appeared at a hearing before the undersigned for oral argument on the instant Motion. ECF No. [23]. At the hearing, Defendant Taylor argued that his use of the taser was

justified under the circumstances of the arrest. Specifically, Defendant Taylor argued the Complaint establishes that Plaintiff disregarded his command to get off the bicycle and had instead responded with a profanity. Defendant Taylor argued that although not stated in the Complaint, Plaintiff's Response to the instant Motion stated that Plaintiff turned his head while he was being handcuffed. Defendant Taylor argued that because Plaintiff initially refused to stop and turned his head while being handcuffed, Plaintiff was resisting arrest. As such, Defendant Taylor argued that his use of a taser was reasonable under the circumstances. Plaintiff argued that the Court must not consider any factual allegations outside the four corners of the Complaint. Plaintiff argued that the Complaint states that although he initially failed to stop, he was fully compliant with Defendant Taylor's order to lay on the ground and that he never resisted arrest. Plaintiff maintained that because he was not resisting arrest at the time the taser was deployed, Defendant Taylor's use of the taser constituted excessive force for which he is not entitled to qualified immunity. As to Plaintiff's IIED claim, the Parties rested on their filings. As to Plaintiff's claim for gross negligence, Plaintiff conceded that he failed to state a claim.[3]

### III.   ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement of the claim and, as such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual

---

[3] Because Plaintiff conceded that the claim for gross negligence should be dismissed, it is **RECOMMENDED** that Count VI be **DISMISSED WITH PREJUDICE**.

allegations must provide more than a "sheer possibility." *Id.* When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1233 (11th Cir. 2010) (noting that the Eleventh Circuit Court of Appeals "has tightened the application of Rule 8 in section 1983 cases where qualified immunity is at issue," thereby imposing a heightened pleading standard).

      **A.**      **Defendant Taylor Is Not Entitled to Qualified Immunity As To Plaintiff's Section 1983 Claim for Excessive Force (Count III).**

Defendant Taylor argues that he is entitled to qualified immunity as to Plaintiff's claim for excessive force (Count III). Qualified immunity is an affirmative defense that "shields government officials performing discretionary acts 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Merricks v. Adkisson*, 785 F.3d 553, 558 (11th Cir. 2015) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Thus, government officials are not held personally liable for objectively reasonable discretionary actions taken within their official capacity. *Id.* Once the government official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff "to prove that (1) the defendant violated a constitutional right that (2) was clearly established at the time of the alleged violation." *Mack v. Miles*, 795 Fed. Appx. 682, 683 (11th Cir. 2019) (citing *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009)).

### 1. Defendant Taylor Was Acting Within His Discretionary Authority During Plaintiff's Arrest.

Actions are within the scope of an officer's authority when they are "undertaken pursuant to the performance of [the officer's] duties and (2) within the scope of [his] authority." *Spechler v. Tobin*, 591 F. Supp. 2d 1350, 1356 (S.D. Fla. 2008), *aff'd*, 327 Fed. App'x. 870 (11th Cir. 2009) (first alteration supplied) (quoting *Collier v. Dickinson,* 477 F.3d 1306, 1307 n.1 (11th Cir. 2007)). The Eleventh Circuit has cautioned that "[i]nstead of focusing on whether the acts in question involved the exercise of actual discretion," a court must "assess whether they are of a type that fell within the employee's job responsibilities." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Accordingly, investigating crimes, conducting searches, and making arrests are legitimate job-related functions within the discretionary authority of police officers. *Nigro v. Carrasquillo*, 152 F. Supp. 3d 1364, 1368 (S.D. Fla. 2015), *aff'd*, 663 F. App'x 894 (11th Cir. 2016) (holding that the defendant-officer acted within his discretionary authority in using pepper spray to subdue an agitated plaintiff suspected of vandalism).

Indeed, courts in this Circuit have routinely found that an officer's use of a taser during an arrest is within his discretionary authority. *See Manners v. Cannella*, No. 15-cv-62071-BLOOM/Valle, 2016 U.S. Dist. LEXIS 147551, at *10 (S.D. Fla. Oct. 25, 2016) (holding that defendant police officers' use of tasers to effectuate plaintiff's arrest was within their "legitimate job-related functions"); *see also O'Brien v. City of Pembroke Pines*, No. 05-61366-CIV-CONN/S, 2005 U.S. Dist. LEXIS 57244, at *10–11 (S.D. Fla. Nov. 15, 2005) (holding that a defendant police officer who deployed a taser on a decedent plaintiff while standing on his back was acting within the scope of his discretionary authority); *Magee v. City of Daphne*, No. 05-0633-WS-M, 2006 U.S. Dist. LEXIS 93183, at *23 (S.D. Ala. Dec. 20, 2006) (noting that "the discretionary authority

criterion is clearly satisfied" because the officers use of their tasers "occurred while they were on routine patrol as [c]ity police officers" and "investigat[ing] an incident that just happened").

Here, Defendant Taylor was acting within the scope of his discretionary authority when the alleged wrongdoing occurred. As Plaintiff states in the Complaint, the claim for excessive force arises from "the course and scope of [Defendant Taylor's] employment as a deputy for the [Miami Dade Police Department]." ECF No. [1-1] ¶ 11. Because Plaintiff's claim concerns Defendant Taylor's actions during the course of an arrest, his actions were "within, or reasonably related to, the outer perimeter of [his] discretionary duties" as an officer. *Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1144 (11th Cir. 2017) (alteration supplied) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). Thus, the burden shifts to Plaintiff to show that there was a constitutional violation of a clearly established right. *See Hannah v. Armor Corr. Health Servs. Inc.*, 792 Fed. Appx. 742, 744 (11th Cir. 2019).

### 2. The Complaint Sufficiently Establishes That Defendant Taylor Violated Plaintiff's Clearly Established Constitutional Rights.

The Parties do not dispute that an officer's use of a taser on an individual who is not violent and not resisting arrest constitutes excessive force in violation of the Fourth Amendment. *Fils v. City of Aventura*, 647 F.3d 1272, 1292 (11th Cir. 2011).[4] The only issue before the Court is whether Plaintiff resisted arrest and, as such, whether Defendant Taylor's use of a taser was reasonable under those circumstances.

---

[4] In order to defeat a claim of qualified immunity, a plaintiff must demonstrate that the right in question was clearly established at the time of the incident. *See Bradley v. Benton,* 10 F.4th 1232, 1242 (11th Cir. 2021). It is undisputed that, at the time of Plaintiff's arrest, it was clearly established that a police officer cannot tase an individual who is not violent and not resisting arrest. *Fils*, 647 F.3d at 1292; *Smith v. Mattox*, 127 F.3d 1416, 1419-20 (11th Cir. 1997) (concluding that police officers use of force on a non-resistant arrestee was excessive despite the fact that the arrestee had previously fled).

9

Defendant Taylor argues that the Court should consider the allegation in the Complaint that Plaintiff initially failed to stop when ordered *and* Plaintiff's statements in his Response that he turned his head as he was being handcuffed. Defendant Taylor submits that, when taken together, these two actions would lead a reasonable officer to believe that Plaintiff was resisting arrest and that the use of a taser was necessary. Plaintiff argues that, at the motion to dismiss stage, the Court should only consider the allegations in the Complaint in determining whether Defendant Taylor's use of a taser was reasonable. Plaintiff argues that the Complaint alleges that he was fully compliant with Defendant Taylor's order to lay on the ground with his hands behind his back. Plaintiff notes that the Complaint specifically states that he did not resist arrest. Plaintiff argues that the Court should not consider any statements outside the four corners of the Complaint, including any factual assertions made in the Response. Plaintiff argues that because the Complaint states that he did not resist and no allegations support a finding that he resisted, the Court should not dismiss the action.

At a motion to dismiss stage, the Court is "limited to the four corners of the complaint." *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002); *Moore v. Miami-Dade County*, 502 F. Supp. 2d 1224, 1234 (S.D. Fla. 2007). Thus, the Court must "accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *St. George,* 285 F.3d at 1337; *Rebalko v. City of Coral Springs*, No. 19-60569-CIV, 2020 WL 6446042 (S.D. Fla. Nov. 3, 2020). As such, the Court must accept as truth the Complaint's allegation that Plaintiff complied with Defendant Taylor's order to lay on the floor on his stomach with his hands behind his back. In addition, the Court must accept the allegation that Plaintiff did not resist and kept his hands behind his back at the time he was tased. The Court does not consider any facts outside the four corners of the Complaint, including the statement made by Plaintiff in his Response to the

instant Motion that he turned his head to ask a question as Defendant Taylor was handcuffing him. Although the Complaint states that Plaintiff initially failed to stop when ordered by Defendant Taylor, the Complaint states that once apprehended Plaintiff fully complied with all orders and did not resist arrest. As such, taking the allegations in the Complaint as true, Plaintiff did not appear to be resisting arrest at the time he was tased by Defendant Taylor.

At the hearing, Defendant Taylor argued that *Mobley v. Palm Beach County Sheriff Department*, 783 F.3d 1347 (11th Cir. 2015) and *Marantes v. Miami-Dade County*, 776 Fed. App'x 654 (11th Cir. 2019) supported his argument that the use of a taser was reasonable. These cases, however, do not stand for the broad proposition that the Court, at the motion to dismiss stage, may consider facts outside the four corners of the Complaint in evaluating the circumstances of an arrest. Indeed, the two cases cited by Defendant Taylor were decided on summary judgment. And when evaluating the undisputed facts in those cases, the Eleventh Circuit concluded that the officers' use of a taser was reasonable because the arrestee was actively resisting arrest at the time force was administered. *See Mobley*, 783 F.3d at 1356 (concluding that that although "the point at which a suspect is handcuffed and poses no risk of danger to the officer often is the pivotal point for excessive-force claims," there was no point before the arrestee "quit resisting and was handcuffed that show[ed] the force applied against him was objectively unreasonable"); *Marantes*, 776 Fed. App'x at 665 (concluding that "a reasonable officer . . . could have believed that [the arrestee] was actively resisting arrest, or attempting to break free from the officers and flee, and that the use of some force was necessary to bring [the arrestee] into compliance").

In this case, however, the Complaint states that Plaintiff complied with Defendant Taylor's order to lay on the ground and did not resist arrest as he was being handcuffed. Although discovery may reveal that the circumstances of the arrest were different and that Defendant Taylor's use of

11

the taser was reasonably necessary, at this juncture, the Court is confined to the four corners of the Complaint. Because the Complaint states that Plaintiff was not actively resisting arrest when he was tased, the Court finds, at this juncture, the use of the taser constituted excessive force and the matter cannot be dismissed at this stage. Accordingly, at this stage of the proceedings, Defendant Taylor is not entitled to qualified immunity as to Plaintiff's excessive force claim (Count III).

## 2. The Complaint Does Not State An IIED Claim Under Florida Law.

The Complaint alleges that Defendant Taylor "intentionally or recklessly arrested Plaintiff [] without probable cause" and tased Plaintiff when he was not resisting. ECF No. [1-1] ¶¶ 76–77 (emphasis omitted). The Complaint states that as a result of Defendant Taylor's actions, Plaintiff has suffered severe mental and emotional distress. *Id.* ¶ 79. Defendant Taylor argues that Plaintiff's IIED claim fails because "the single use of a taser by a police officer" during Plaintiff's arrest does not qualify as conduct that is "odious and utterly intolerable in a civilized community" under Florida law. ECF No. [12] at 10.

In order to state a claim for IIED under Florida law, a plaintiff must show that: "(1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015) (citation omitted); *see also Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. 2018). Whether the alleged conduct satisfies the third element of a Florida IIED claim is a question of law for the Court to decide. *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012). The third element requires that a defendant's "outrageous" conduct goes "beyond all bounds of decency as to be regarded as odious and utterly

intolerable in a civilized community." *Id.* Accordingly, IIED applies only in "extremely rare circumstances." *Id.*

Here, accepting the allegations in the Complaint as true, Plaintiff has failed to state an IIED claim. Plaintiff claims that as a result of his arrest, he endured emotional distress arising from fear of incarceration, embarrassment, and loss of enjoyment of life. However, Plaintiff's generalized claims are not "so severe that no reasonable man could be expected to endure it." *Casado*, 340 F. Supp. 3d at 1332 (quoting *Baker v. Lightsey*, No. 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D. Fla. May 3, 2012)). Indeed, courts in this Circuit routinely dismiss IIED claims stemming from arrests. *Casado*, 340 F. Supp. 3d at 1332–33 (dismissing an IIED claim after concluding that officers' alleged conduct in repeatedly punching arrestee in the face, slamming him into the hood of a car, and arresting him without probable cause was not "sufficiently outrageous" to sustain a Florida IIED claim); *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) ("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct"). Therefore, Plaintiff's claim for IIED fails as a matter of law. Under these circumstances, Plaintiff cannot allege facts sufficient to state a claim for IIED because the mere fact that he was arrested cannot satisfy the outrageous conduct requirement under Florida law. *See Johnson v. Nocco*, No. 8:20-CV-1370-T-60JSS, 2020 WL 6701606, at *7 (M.D. Fla. Nov. 13, 2020) (dismissing plaintiff's emotional distress claim where plaintiff's allegations of being unlawfully arrested and taken to jail could not satisfy the "outrageous" conduct requirement). Accordingly, Plaintiff's IIED claim should be **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant Taylor's Motion to Dismiss, ECF No. [12], be **GRANTED IN PART AND DENIED IN PART**. As to Count III

for excessive force under Section 1983, the Motion should be **DENIED** because Defendant Taylor is not entitled to qualified immunity at this stage in the proceedings. As to Count V for IIED, Defendant Taylor's Motion should be **GRANTED**, and Count V should be **DISMISSED WITH PREJUDICE** because Plaintiff cannot allege additional facts that would state a claim under Florida law. Finally, as to Count VI for gross negligence, the Motion should be **GRANTED**, and Count VI should be **DISMISSED WITH PREJUDICE** because Plaintiff conceded that Defendant Taylor's argument is correct.

### V.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on May 31, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE